IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE SSI GROUP, INC., | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. 12-00684-KD-C |
| THE AMERICAN HOSPITAL ASSN., *et al.*, | : |
| Defendants. | : |

**ORDER**

This declaratory judgment action is now before the Court on plaintiff The SSI Group, Inc.'s (SSI) motion to enjoin defendants American Hospital Association and Health Forum, LLC, (AHA/HF) from proceeding with their competing, later-filed action pending in the Northern District of Illinois (doc. 6), AHA/HF's response (doc. 20), and SSI's memorandum in opposition (docs. 26, 27).[1]  Also before the Court is AHA/HF's motion to dismiss and memorandum in support (docs. 12, 13), SSI's memorandum in opposition (doc. 31), and defendants' reply (doc. 32).  Upon consideration, and for the reasons set forth herein, the motion to enjoin is GRANTED and the motion to dismiss is DENIED.

I. Factual background

AHA owns the copyrights to the Official UB-04 Data Specifications Manual.[2]  The Manual contains the UB-04 billing and revenue codes and related instructions and descriptions that are used on the standard UB-04 billing form published by the AHA.  There are fourteen sets of codes that correspond to numbered spaces on the billing form.  The UB-04 billing form and codes have become the industry standard for submitting health care claims and the means by

---

[1] AHA/HF filed a motion for leave to file a surreply (doc. 30).  The motion is DENIED.
[2] AHA explains that HF is a subsidiary of AHA but it does not own the copyright and SSI does not have a licensing contract with HF (doc. 13, p. 3, n. 2).

which healthcare providers convey diagnosis and treatment information to payers including the United States government, the Center for Medicare Services, and private insurance payers. The content of the Manual is generally referred to as the UB-04 Content. AHA sells licenses to use the UB-04 Content. However, the licenses are not intended to permit use of the UB-04 Content in commercial products, but instead for reference use only.

SSI has purchased licenses from AHA for the use of the UB-04 Content. SSI sells healthcare billing software products that contain a function, among others, for automatically checking the accuracy of the input of UB-04 codes into UB-04 billing forms and also allows the user to look up descriptions of the diagnosis or procedure to which the UB-04 code corresponds.

In May 2012, AHA informed SSI that its use of these UB-04 codes in its billing software products infringes those copyrights. SSI and AHA tried to resolve their dispute by way of negotiations for a new licensing agreement as outlined in a series of telephone conferences and e-mail communications spanning several months.

In late October 2012, SSI filed the instant complaint for declaratory judgment and equitable relief seeking a declaration as to the non-infringement, validity, and enforceability of AHA's copyrights for various versions of the Manual and the UB-04 codes (doc. 1). A week later, AHA filed a complaint in the Northern District of Illinois. In its complaint, AHA alleges that SSI infringed AHA's copyrights in violation of 17 U.S.C. § 501 (Count One) and that SSI breached the non-infringement provision in its 2012 Edition Contract with AHA (Count Two).

II. <u>Analysis</u>

AHA/HF argue that they should not be enjoined from proceeding in the Northern District of Illinois and that this action should be dismissed. Specifically, AHA/HF argue that SSI should not be given the advantage of the first filed rule because SSI filed this action in an effort to gain

an advantage in the licensing negotiations and in anticipation of the Illinois action. AHA/HF also argue that the Northern District of Illinois is better situated to resolve the copyright and breach of contract issue and that Illinois has a stronger connection to the controversy.

The Court must consider certain equitable factors when deciding whether to dismiss a first-filed declaratory judgment action or to enjoin a party from proceeding in the second-filed action. In *Manuel v. Convergys Corp.*, 430 F.3d 1132 (11th Cir. 2005), a declaratory judgment action was filed first and the Eleventh Circuit explained that:

> The factors relevant in deciding whether to hear a declaratory judgment action are equitable in nature. . . . As such, the Supreme Court has warned against a "rigid" and "mechanical" approach in applying the Federal Declaratory Judgments Act. . . . Our court has previously recognized convenience of the parties and the forum's connection with the controversy as relevant, albeit nonexclusive, factors. . . . Some courts simply apply the same general factors that are considered in a motion to transfer under 28 U.S.C. § 1404(a). . . .
>
> Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule. . . . We are no exception. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir.1982). Moreover, we require that the party objecting to jurisdiction in the first-filed forum carry the burden of proving "compelling circumstances" to warrant an exception to the first-filed rule. *Id*.
>
> In determining whether compelling circumstances exist, we have recognized that for declaratory judgment actions "one equitable consideration ... is whether the ... action was filed in apparent anticipation of the other pending proceeding." *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir.1982); . . . Even if a court finds that a filing is anticipatory, this consideration does not transmogrify into an obligatory rule mandating dismissal. *See Ven-Fuel*, 673 F.2d at 1195. Such a finding still remains one equitable factor among many that a district court can consider in determining whether to hear a declaratory judgment action.

*Manuel*, 430 F.3d at 1135 (some internal citations omitted); *Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) ("One equitable consideration in such decision is

3

whether the declaratory judgment action was filed in apparent anticipation of the other pending proceeding."). [3]

The general factors for a motion to transfer under Section 1404 "include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel*, 430 F. 3d at 1135, n.1. (citation omitted)

AHA/HF has failed to meet its burden of showing that "compelling circumstances" exist which rebut the presumption in favor of the first-filed forum and compel this Court to grant AHA/HF's motion to dismiss and deny SSI's motion to enjoin. Application of the general factors shows that factors one through four and factor eight, SSI's choice of forum,[4] weigh in SSI's favor. The remaining factors are neutral.[5]

---

[3] AHA/HF's argument that the four-factor test for obtaining injunctive relief described in *eBay v. MercExchange, LLC*, 547 U.S. 388, 391 (2006), is the correct standard is irreconcilable with the Eleventh Circuit's equitable standards for deciding whether the presumption in favor of the first-filed forum has been rebutted by proof of compelling circumstances. *See Manuel*, 430 F. 3d at 1135. If the four-factor test were applicable then it is likely that neither proceeding could be enjoined, thus making the first-filed jurisprudence meaningless.

[4] In this circuit, there is a strong presumption in favor of SSI's choice of forum. *Merrill Lynch v. Haydu*, 675 F.2d at 1174.

[5] Although AHA/HF argue that the Northern District of Illinois is more familiar with Illinois law governing breach of contract, this Court routinely applies the substantive law of other states as does any federal court subject to a choice of law provision in the contract at issue. The parties appear to be solvent entities such that their "relative means" is not at issue. Process to compel witnesses would be equally problematic in either forum. The factor of trial efficiency and interests of justice is also neutral despite SSI's argument that this Court may reach a resolution sooner because of a less-congested docket.

Also, AHA/HF have failed to show that SSI filed the present action for an improper purpose. Specifically, AHA's argument that SSI filed the declaratory action to gain an advantage in settlement negotiations is unpersuasive and without evidentiary support. There is nothing sinister about SSI preserving its ability to have a judicial declaration made as to its rights and obligations.

III. Conclusion

Accordingly, upon consideration of the foregoing, the motion to enjoin is GRANTED and the motion to dismiss is DENIED. Accordingly, the parties are hereby enjoined from proceeding with the action filed in the Northern District of Illinois.

The Clerk of the Court is directed to provide a copy of this order to the Honorable Ronald A. Guzman, United States District Judge, Northern District of Illinois (Chicago Division).

**DONE** and **ORDERED** this the 15th day of February, 2013.


/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**